**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **JONATHAN MARSHALL, SR.,** | § | |
| **Movant** | § | |
| | § | |
| **V.** | § | **A-09-CA–035-LY** |
| | § | **(A-06-CR-067(1)-LY)** |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      SENIOR UNITED STATES DISTRICT JUDGE

Before the Court is: "Movant's Modification of Imposed Term of Imprisonment [18 U.S.C. § 3582(c)] Federal Rules of Criminal Procedure [18 U.S.C. § 3553(a)]" (Clerk's Doc. No. 248), filed May 4, 2010.   The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

**I.  BACKGROUND**

On April 4, 2006, Jonathan Marshall, Sr. ("Marshall") and Cheryl Abercrombie were charged with tax fraud in a 40-count indictment.  Marshall was named in every count of the Indictment. Count One charged Marshall with corrupt interference with internal revenue laws and aiding and abetting, in violation of 26 U.S.C. § 7212(a) and 18 U.S.C. § 2, and counts two through forty charged Marshall with assisting in filing false income tax returns and aiding and abetting, in violation of 26 U.S.C. § 7206(2) and 18 U.S.C. § 2.

On April 13, 2006, Marshall waived his personal appearance and entered a plea of not guilty to the charges.  Initially the Court appointed William Ibbotson, a United States Public Defender to defend Marshall.  On May 8, 2006, Marshall moved to represent himself at trial.  The Court granted his motion to proceed pro se, but retained Mr. Ibbotson as standby counsel at trial.  Marshall represented himself at trial and prior to trial, filing numerous pre-trial motions.  Marshall's jury trial began on November 6, 2006, and ended on November 16, 2006, with a verdict by which the jury found Marshall guilty on all forty counts in the Indictment. On February 16, 2007, the District Court sentenced Marshall to a 216-month term of imprisonment, a one-year term of supervised release, and $4,000 in assessments.[1]  Marshall filed a timely notice of appeal.  On January 11, 2008, the Fifth Circuit Court of Appeals dismissed Marshall's appeal for want of prosecution because Marshall failed to timely file his brief and record excerpts. *See United States v. Marshall*, No. 07-50294, slip op. (5th Cir. January 8, 2008).

On January 15, 2009, Marshall filed a voluminous Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Clerk's Doc. No. 235) raising twenty-eights points of error. On March 3, 2010, the undersigned submitted a Report and Recommendation recommending that the District Judge deny Marshall's 2255 Motion.  On April 21, 2010, Judge Yeakel adopted the Report and Recommendation and entered a Final Judgment denying Marshall all requested relief.

Marshall has now filed a Motion for Modification of Imposed Term of Imprisonment.  In his Motion, which is in excess of 528 pages, Marshall requests that the District Court modify his

---

[1]On February 9, 2007, the United States filed a motion for upward departure, which was granted at the sentencing hearing.

sentence pursuant to 18 U.S.C. § 3553 and § 3582.  After reviewing his rambling and disjointed

pleading, the Court submits the following Report and Recommendation.

## II.  DISCUSSION

This motion is filed in Marshall's criminal case and styled as a motion for "Modification of

Imposed Term of Imprisonment."   In the title of the document, Marshall cites to 18 U.S.C.

§§ 3582(c) and 3553(a).  Section 3582(c) allows the District Court to modify an already imposed

term of imprisonment: (1) where the Director of the Bureau of Prisons moves to reduce the term of

imprisonment; (2) to the extent permitted by statute or by Rule 35 of the Federal Rules of Criminal

Procedure, which allows for reduction in cases of technical error or substantial assistance; or (3) in

the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing

range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C.

994(o).

Marshall's main argument seems to be that the District Court did not have jurisdiction to

adjudicate his criminal case, with the exception of Count One, and thus his sentence should be

limited to three years—making him eligible for immediate release.  This argument does not make

him eligible for a sentence reduction from the District Court pursuant to 18 U.S.C. § 3582(c).  The

Director of the Bureau of Prisons has not moved for reduction of Marshall's sentence.  Marshall has

not pointed to a technical error or substantial assistance offered that makes Rule 35 applicable to

him; neither can he point to a subsequently lowered sentencing range for any of his offenses.

Accordingly, 18 U.S.C. § 3582(c) is inapplicable to Marshall and the District Court cannot reduce

his sentence pursuant to this statute.

Likewise, section 3553(a) is inapplicable as it merely discusses the factors to be considered in imposing a sentence.  These 3553(a) factors are also to be considered in reducing a sentence, but only when the exceptions to the finality of the sentence set forth in 18 U.S.C. § 3582(c) are applicable.  As stated above, none of these exceptions are applicable here and thus Marshall's claim is meritless under the statute.

Marshall also reiterates various arguments attacking his sentence that he made in his initial Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Clerk's Doc. No. 235).  For example, he argues that the District Court did not have jurisdiction over him and that venue was improper.  To the extent Marshall repeats his previous arguments regarding his sentence or adds new arguments seeking to challenge his conviction and sentence, he must first obtain authorization from the Fifth Circuit Court of Appeals to file a successive 28 U.S.C. § 2255. motion.  *See* 28 U.S.C. § 2255(h).

Lastly, Marshall seems to ask this Court to vacate previous judgments entered against him in other federal and state courts pursuant to FED. R. CIV. P. 60.  These various judgments date from the 1980's and appear to be both civil and criminal in nature.  Marshall apparently requests that this Court void those prior judgments, particularly a child support order apparently entered in state District Court in Dallas County.  However, Marshall has cited no legal authority for the proposition that the Court may utilize Rule 60 to void judgments made by other courts.

Concurrently with this request to void various judgments, Marshall also requests a writ of coram nobis, apparently in conjunction with a case or cases in which he was a named party or defendant in the United States District Court for the Northern District of Texas.  In 1954, the Supreme Court's decision in *United States v. Morgan*, 346 U.S. 502 (1954), revived the ancient writ

of coram nobis by holding that the writ was available in federal courts pursuant to the All Writs Act,

18 U.S.C. § 1651.  Since that time, the writ has been used as an avenue of attack when the petitioner

has completed his sentence and is no longer "in custody" for the purposes of seeking relief via a

petition for writ of habeas corpus or a motion to vacate, set aside or correct sentence. *United States*

*v. Dyer*, 136 F.3d 417 (5th Cir. 1998).  Since Marshall is still in custody the  writ of coram nobis is

inapplicable to Marshall's current sentence.  In order to attack a sentence entered by another court

via the writ of coram nobis, Marshall must file the motion with that Court, as this Court does not

have proper jurisdiction.

### III.  RECOMMENDATION

Based on the above, the Court **RECOMMENDS** that the District Court **DENY** Jonathan

Marshall, Sr.'s Modification of Imposed Term of Imprisonment [18 U.S.C. § 3582(c)] Federal Rules

of Criminal Procedure [18 U.S.C. § 3553(a)] (Clerk's Doc. No. 248)**.**

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing

objections must specifically identify those findings or recommendations to which objections are

being made.  The District Court need not consider frivolous, conclusive, or general objections. *See*

*Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations

contained in this Report within fourteen (14) days after the party is served with a copy of the Report

shall  bar  that  party  from  *de novo*  review  by  the  District  Court  of  the  proposed  findings  and

recommendations in the Report and, except upon grounds of plain error, shall bar the party from

appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, (1985);

*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report &

Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is

directed to mail such party a copy of this Report and Recommendation by certified mail, return

receipt requested.

SIGNED this 1st day of June, 2010.


_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE